## LIETO v. ELLIS.
### No. 14285.

United States Court of Appeals
Fifth Circuit.
March 17, 1953.
Rehearing Denied April 27, 1953.

Joseph F. Lieto, in propria persona.

Willis E. Gresham, Asst. Atty. Gen. of Tex., John Ben Shepperd, Atty. Gen. of Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

### PER CURIAM.

This is an appeal from a final order entered by a court of the United States in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court.

In addition to denying the petition for the writ, the district judge declined to issue the certificate of probable cause which,

under Sec. 2253, Title 28 U.S.C.A., is a judicial prerequisite to such an appeal.

Matters standing thus, the judges of this court have examined the record for themselves, and the court and each individual judge being of the opinion that there exists no probable cause for an appeal and declining to issue such a certificate, the appeal is dismissed.

## ROOKS v. ELLIS.
### No. 14357.

United States Court of Appeals
Fifth Circuit.
March 17, 1953.

No appearance entered on behalf of appellant.

Willis E. Gresham, Asst. Atty. Gen. of Texas, John Ben Shepperd, Atty. Gen. of Texas, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

### PER CURIAM.

This is an appeal from a final order entered by a court of the United States

in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court.

In addition to denying the petition for the writ, the district judge declined to issue the certificate of probable cause which, under Sec. 2253, Title 28 U.S.C.A., is a judicial prerequisite to such an appeal.

Matters standing thus, the judges of this court have examined the record for themselves, and the court and each individual judge being of the opinion that there exists no probable cause for an appeal and declining to issue such a certificate, the appeal is dismissed.

---

### WATSON v. GALLAGHER et al.

### No. 11333.

United States Court of Appeals,
Sixth Circuit.

March 9, 1953.

Wilbur W. Piper, Knoxville, Tenn. (Fowler, Long & Fowler, Knoxville, Tenn., of counsel), for appellant.

Nathan Orris Hale, Knoxville, Tenn., for appellees.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The Court having considered appellees' motion filed herein on December 15, 1952, to reinstate the judgment of the District Court, notwithstanding the judgment of this Court of November 28, 1951 reversing said judgment and remanding the case to the District Court for further proceedings consistent with the views expressed therein, said motion being based upon a change in the statutory law applicable to this case on July 31, 1951, after the entry of the judgment in the District Court; Sec. 1895, Title 50, U.S.C.A.Appendix; Carpenter v. Wabash Ry. Co., 309 U.S. 23, 27, 60 S.Ct. 416, 84 L.Ed. 558; said amendment of the statute not having heretofore been brought to the attention of the Court;

And it appearing that the mandate of this Court was issued on March 19, 1952, and although no judgment has as yet been entered by the District Court pursuant thereto, nevertheless the term of this Court during which said mandate issued expired on the first Monday in October 1952; Rule 3, Rules of Court of Appeals for the Sixth Circuit; and that the present motion was not filed until after the expiration of said term;

And treating appellees' motion as a motion to recall the mandate and to set aside the judgment entered by this Court, on November 28, 1951, 192 F.2d 1017:

It Is Ordered that said motion be and is overruled. Ex parte National Park Bank, 256 U.S. 131, 41 S.Ct. 403, 65 L.Ed. 863; Bushnell v. Crooke Mining & Smelting Co., 150 U.S. 82, 14 S.Ct. 22, 37 L.Ed. 1007; Fairmont Creamery Co. v. State of Minnesota, 275 U.S. 70, 72, 48 S.Ct. 97, 72 L.Ed. 168; Jourolman v. East Tennessee Land Co., 6 Cir., 85 F. 251. See also Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 244, 256, 64 S.Ct. 997, 88 L.Ed 1250; Nachod v. Engineering & Research Corp., 2 Cir., 108 F.2d 594; Hart v. Wiltsee, 1 Cir., 25 F.2d 863; Montgomery v. Realty Acceptance Corp., 3 Cir., 51 F.2d 642, 643; Foster Bros. Mfg. Co. v. NLRB, 4 Cir., 90 F.2d 948; Hawkins v. Cleveland, C. C. & St. L. Ry. Co., 7 Cir., 99 F. 322; Walsh